# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. WIESMUELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-01257 |
| ) | |
| CARY OLIVER, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 57), recommending the Court dismiss Plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims without prejudice for lack of subject matter jurisdiction, decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and deny Defendants' motions to dismiss (Doc. Nos. 13, 15, 17) as moot. The Report and Recommendation is **ADOPTED** for the reasons set forth below.

In the Report, the Magistrate Judge determined the Court lacks subject matter jurisdiction of Plaintiff's RICO claims based on the "domestic relations exception." The Magistrate Judge also recommends the Court decline supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff has filed objections (Doc. No. 59) to the Report and Recommendation. Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v.*

*Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff first argues the Magistrate Judge erred in concluding Plaintiff's RICO claims are subject to the domestic relations exception. (Doc. No. 59 at 2). Plaintiff's last objection likewise pertains to the Magistrate Judge's determination that the domestic relations exception deprives the Court of subject matter jurisdiction over Plaintiff's claims. (*See id.* at 4 ("The Magistrate [Judge], without having heard testimony, is seemingly making or inferring a credibility determination or determining jurisdiction based on implied motive.")). The Magistrate Judge examined Plaintiff's desired relief – an injunction divesting Defendants of the house at issue and a money judgment based on Plaintiff's alleged marital share of the expected and accrued equity in the property – and concluded Plaintiff seeks to modify the order entered in his state court divorce proceeding that found the house at issue to be a rental property and awarded use and possession to Defendant Wiesmueller. (Doc. No. 57 at 9-11). The Magistrate Judge also noted that to award the requested relief would require this Court to entangle itself in questions of state family law to determine Plaintiff's marital share of the accrued equity. The Court is not persuaded the Magistrate Judge erred in her conclusion that Plaintiff's RICO claims are subject to the domestic relations exception.

Even if the Magistrate Judge erred and the Court has subject matter jurisdiction over Plaintiff's RICO claims, however, Plaintiff has failed to state a viable RICO claim, as the Magistrate Judge and Defendants point out. (Doc. Nos. 57, 14, 16, 18). The Magistrate Judge found the Complaint failed to adequately allege underlying predicate racketeering acts of wire fraud, pointing out Plaintiff's allegations only identified the relevant communications without alleging why the statements in those communications were fraudulent. (Doc. No. 57 at 12-13).

Additionally, the Magistrate Judge determined the allegations in the Complaint: (1) failed to provide a clear description of the nature of the Defendants' alleged scheme to defraud, (2) offered no plausible foundation for the Defendants' alleged wire fraud, and (3) failed to allege any facts that would establish the necessary scienter for the alleged scheme to defraud. (*Id*. at 12-14).

Plaintiff appears to assert the Magistrate Judge erred in determining his allegations of wire fraud were insufficient, arguing "[w]ire fraud and mail fraud do not require each interstate communication to be fraudulent in and of themselves, but merely to further the fraud, which is sufficiently pled." (Doc. No. 59 at 3). Plaintiff is correct that not every wire has to be fraudulent in and of itself. *See United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997) (holding a RICO claim can exist even if the mailings were "innocent" or "legally necessary"). However, when the alleged wire fraud is based on a scheme to defraud involving misrepresentations, as in the present case, a plaintiff must allege the specific affirmative misrepresentations and identify the basis for inferring scienter to satisfy the heightened pleading standards of Rule 9(b). *See Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 607 (E.D. Mich. 2015); *see also Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 406 (6th Cir. 2012) ("Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter."). Plaintiff's Complaint fails to allege any specific affirmative misrepresentations or identify the basis for inferring scienter.

To the extent Plaintiff asserts the Magistrate Judge analyzed the sufficiency of his wire fraud allegations under an incorrect pleading standard, (Doc. No. 59 at 3), the Court disagrees. As Defendants correctly point out in their Response, the Magistrate Judge properly relied on *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393 (6th Cir. 2012) in reaching her determination

that Plaintiff was required to satisfy the heightened pleading requirements of Rule 9(b) for pleading predicate acts of wire fraud. (Doc. No. 62).

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Plaintiff's RICO claims are **DISMISSED**, without prejudice, for lack of subject matter jurisdiction, and his state law claims are **DISMISSED**, without prejudice. Defendants' pending motions to dismiss (Doc. Nos. 13, 15, 17) and all other pending motions are denied as moot.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE