# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. WIESMUELLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-01257 |
| CARY OLIVER, et al., | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Amend the Complaint and Relief from Judgment. (Doc. No. 67). Defendants filed a Response in Opposition (Doc. No. 70), Plaintiff filed a Reply (Doc. No. 72), and Defendants filed a Sur-Reply (Doc. No. 80). For the reasons discussed below, Plaintiff's Motion to Amend the Complaint and Relief from Judgment (Doc. No. 67) is **DENIED**.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action against Defendants on November 6, 2018, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and state law claims of promissory estoppel and intentional infliction of emotional distress. (Doc. No. 1). Defendants filed motions to dismiss arguing the complaint failed to state a RICO claim against them and that the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims. (*See* Doc. Nos. 13, 15, 17).

On June 17, 2019, the Magistrate Judge issued a Report and Recommendation recommending the Court dismiss Plaintiff's RICO claims without prejudice for lack of subject matter jurisdiction based on the domestic relations exception, decline to exercise supplemental

jurisdiction over Plaintiff's state-law claims, and deny Defendants' motions to dismiss (Doc. Nos. 13, 15, 17) as moot. (Doc. No. 57). The same day, Plaintiff filed objections to the Report and Recommendation (Doc. No. 59), arguing, *inter alia*, that the Magistrate Judge erred in concluding his RICO claims were subject to the domestic relations exception.

By Order entered on July 26, 2019 (Doc. No. 63), the Court considered Plaintiff's objections and concluded they failed to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Accordingly, the Court adopted and approved the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's action. (*See id.*). The Clerk entered final judgment the same day. (Doc. No. 64). On August 26, 2019, Plaintiff filed the pending Motion to Amend the Complaint and Relief from Judgment pursuant to Federal Rules of Civil Procedure 15 and 60(b). (Doc. No. 67).

## II. STANDARD OF REVIEW

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a party seeking to amend his complaint *after* the dismissal of his action and the entry of final judgment faces a heavier burden and "must meet the requirements for reopening a case established by [Federal Rules of Civil Procedure] 59 or 60" and "provide a compelling explanation" for neither amending nor seeking leave to amend before judgment was entered. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616-17 (6th Cir. 2010).

Plaintiff seeks to reopen the present case pursuant to Federal Rule of Civil Procedure 60(b),[1] which "provides six discrete paths for undoing a final judgment." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017).

---

[1] A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff therefore is not entitled to relief under Rule 59(e) because his motion, if construed as a Rule 59(e) motion, was not timely filed. *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (a court "must not extend the time to act" under Rule 59(e)).

2

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (citation omitted).

### III.     ANALYSIS

Although Plaintiff's motion invokes subsections (5) and (6) of Rule 60(b) as grounds for relief from judgment, the basis of Plaintiff's Rule 60(b) motion is mistake of law and fact. (*See* Doc. No. 67). Specifically, Plaintiff takes issue with the Magistrate Judge's finding that his RICO claims were "so transparently an effort to alter the outcome of his divorce proceeding that this Court lacks jurisdiction to adjudicate them." (*See* Doc. No. 68 (quoting Report and Recommendation, Doc. No. 57 at 2)).[2] Plaintiff maintains "that is not the case" and argues the domestic relations exception does not apply to his RICO claims. (Doc. No. 68 at 2-6).

---

[2] Plaintiff refers to the Magistrate Judge's finding as a "false assumption", "implied fact", and "implied ground" throughout his pending motion. (*See* Doc. No. 68 at 2-4). Plaintiff's assertion that "[t]his Court

3

Relief is not available to Plaintiff under Rule 60(b)(5) because his motion challenges the "the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009) ("Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests") (citation omitted). Additionally, the Sixth Circuit has instructed that when a movant seeks relief based on a mistake of law or fact made by the district court, his motion is to be considered only under Rule 60(b)(1), and not under Rule 60(b)(6). *See Penney v. United States*, 870 F.3d 459, 461-62 (6th Cir. 2017); *see also Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) ("This Court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1). . . . Because of the residual nature of Rule 60(b)(6), a claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6)."). Plaintiff's motion fails to demonstrate exceptional or extraordinary circumstances justifying relief under Rule 60(b)(6). Accordingly, the Court will consider Plaintiff's motion under Rule 60(b)(1) and not under Rule 60(b)(6). *See Penney*, 870 F.3d at 461-62; *Pierce*, 770 F.2d at 451; *see also McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (Courts should only apply Rule 60(b)(6) in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule).

## A. Rule 60(b)(1)

As noted above, Plaintiff argues the Court made mistakes of law and fact by finding his RICO claims were brought to alter or modify the terms of his divorce and therefore subject to the domestic relations exception. However, Plaintiff has already argued these issues in his objections

---

has held Plaintiff is impliedly trying to relitigate his divorce" is also in reference to the Magistrate Judge's finding. (*See* Doc. No. 68 at 2-3).

to the Report and Recommendation. (*See* Doc. No. 59).³ And the Court has already considered Plaintiff's arguments and found them to be without merit. (*See* Doc. No. 63). Plaintiff's arguments are no more persuasive the second time. Furthermore, Rule 60(b) is not intended to give a dissatisfied party another chance to reargue issues already considered and decided. *See GEICO Indem. Co. v. Crawford*, 36 F. Supp. 3d 735, 739 (E.D. Ky. 2014).

Plaintiff also raises a new argument in his motion on the domestic relations exception issue, asserting that it does not apply because the complaint did not "*expressly* ask[] for a divorce, alimony, or custody decree." (Doc. No. 68 at 3-6) (emphasis in original). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Moreover, as addressed in the Report and Recommendation (*see* Doc. No. 57 at 9-10), the domestic relations exception also deprives federal courts of jurisdiction to entertain a suit seeking "to modify or interpret an existing divorce, alimony, or child-custody decree." *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015)). Thus, Plaintiff's newly raised argument, which also relies on *Rosen* and *Chevalier*, has not shown the Court's prior decision was premised on a mistake of law.

---

³ In his first objection to the Report and Recommendation, Plaintiff argued:

> the Magistrate's assumption on which her recommendation rests is false, as a matter of law and fact. *See* Doc #57, at 2 (Calling the claims "transparently an effort to alter the outcome of his divorce proceedings.") This matter was not adjudicated or proper to be adjudicated in the divorce proceedings. The Magistrate's assumption then leads to the errant conclusion that this is a case for the domestic relations exception. However, this case does not in any way seek to alter something that was or even could have been determined by the divorce court, as to *division* of property, child custody, alimony, or interpretation of an order.

(Doc. No. 59 at 2).

* * *

For the reasons stated above, Plaintiff has not shown that he is entitled to relief from the judgment in the case under Rules 59 or 60. Nor has Plaintiff shown that justice requires he be permitted to amend the complaint. As noted above, a plaintiff seeking leave to amend after judgment has been entered against him "must meet the requirements for reopening a case established by Rules 59 or 60" and "provide a compelling explanation" for neither amending nor seeking leave to amend before judgment was entered. *Leisure Caviar*, 616 F.3d at 616-17. Plaintiff has met neither of these requirements. Indeed, Plaintiff has offered no explanation, let alone a compelling one, for failing to amend the complaint before the Court entered judgment against him.

Additionally, protecting the finality of judgments and the expeditious termination of litigation are important interests which further warrant denying Plaintiff's post-judgment motion. *See id.* Allowing Plaintiff to amend under the circumstances of this case "would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Id*. at 616.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Amend the Complaint and Relief from Judgment (Doc. No. 67) is **DENIED**.

It is so **ORDERED**.

                                                                                         WILLIAM L. CAMPBELL, JR.
                                                                                         UNITED STATES DISTRICT JUDGE